UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John Doe and Jane Doe,<br><br>    Plaintiffs,<br><br>v.<br><br>Shaun E. LaDue, individually and in his official capacity as Chief of Police of the Owatonna Police Department; Ricardo Magana, individually and in his official capacity; Tim Hassing, individually and in his official capacity; Mike Earl, individually and in his official capacity; Willie Goodsell, individually and in his official capacity; Jay Matejcek, individually and in his official capacity; John Roes I through V individually and in their official capacities; and the City of Owatonna;<br><br>    Defendants. | Court File No. 0:07-cv-02190-DSD-SRN<br><br>**ANSWER** |

---

  COME NOW Defendants, for their Answer to Plaintiffs' Complaint, state and allege as follows:

I.

  Unless hereafter admitted, qualified or otherwise answered, these Defendants deny each and every thing, matter, and particular alleged in Plaintiffs' Complaint.

II.

  Defendants affirmatively allege Mr. Doe is a predatory offender who must be registered as such for his lifetime because he committed a lewd act upon a child in the

State of California. When Mr. Doe first registered in Minnesota he was required to disclose to the state the addresses of his primary and secondary residences; addresses of all property owned, leased or rented; addresses of all locations where he was employed; the year, make, model, color, and license plate number of all motor vehicles he owned or drove regularly; his fingerprints; and a photograph of himself. As a predatory offender classified as a lifetime registrant, Mr. Doe must return a verification letter to the State of Minnesota once a year for the remainder of his life confirming his current and last address. Mr. Doe is a resident of the City of Owatonna. The Owatonna Police Department verifies predatory offenders' registration information because a significant number of predatory offenders live within the City of Owatonna. Current information on the appearance of predatory offenders and their motor vehicles is necessary for law enforcement to efficiently perform criminal investigations. Additionally, verification by local police departments helps to ensure predatory offenders are honest when providing information to the state.

III.

Defendants specifically deny Plaintiffs have stated a cognizable claim for relief under 42 U.S.C. §1983 or 1988 and further deny Plaintiffs sustained any deprivation of rights or constitutional injuries as alleged in their Complaint.

IV.

Defendants specifically deny they were either deliberately indifferent to, or acted with reckless disregard for, Plaintiffs' constitutional rights.

V.

Defendants specifically deny there was any unreasonable search and seizure and deny they deprived the Plaintiffs of liberty without due process of law or to equal protection of the law as alleged in Paragraph 2 of Plaintiffs' Complaint.

VI.

Defendants specifically deny Plaintiffs have set forth a proper *Monell* claim against the City of Owatonna and further deny the City of Owatonna has a custom, practice or policy that would be violative of an individual's constitutional rights as alleged in Paragraph 1 of Plaintiffs' Complaint.

VII.

Defendants specifically deny the allegations contained in Count I of Plaintiffs' Complaint.

VIII.

Defendants specifically deny the allegations contained in Count II of Plaintiffs' Complaint.

IX.

Defendants specifically deny the allegations contained in Count III of Plaintiffs' Complaint.

X.

Defendants specifically deny the allegations contained in Count IV of Plaintiffs' Complaint.

XI.

Defendants specifically deny the allegations contained in Count V of Plaintiffs' Complaint.

XII.

Defendants deny Plaintiffs are entitled to any of the requested relief.

XIII.

Defendants admit Shaun E. LaDue was the Chief of Police of the Owatonna Police Department at all times relevant hereto and acting within the course and scope of his employment.

XIV.

Defendants admit Ricardo Magana, Tim Hassing, Mike Earl, Willie Goodsell and Jay Matejcek were Owatonna Police Officers at all times relevant hereto and acting in the course and scope of their capacities as officers for the City of Owatonna and all claims against them are official capacity claims only.

XV.

Defendants admit the City of Owatonna is a municipality duly incorporated under the laws of the State of Minnesota.

XVI.

Defendants admit the City of Owatonna employed Defendants LaDue, Magana, Hassing, Earl, Goodsell and Matejcek at all relevant times hereto.

XVII.

Defendants affirmatively allege at all times material hereto they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional and proper.

XVIII.

Defendants support Plaintiffs' demand for a jury trial as set forth in Plaintiffs' Complaint in Paragraph 3.

XIX.

Defendants affirmatively allege Plaintiffs' claims are barred by the legal doctrines of qualified and official immunity.

XX.

Defendants affirmatively allege Plaintiffs' Complaint fails to state a cause of action for claims upon which relief can be granted.

XXI.

Defendants admit generally the City of Owatonna is responsible for the actions of its employees pursuant to Minn. Stat. § 466.07.

XXII.

Defendants affirmatively allege Plaintiffs have failed to conduct a proper inquiry to determine the identities of the police officers and/or other agents mentioned in the Complaint.

XXIII.

Defendants allege Plaintiffs failed to give notice of claim as required by Minn. Stat. § 466.05 to the prejudice of the Defendants.

XXIV.

Defendants allege Plaintiffs must reveal their identities and have not alleged circumstances warranting anonymity.

XXV.

Defendants allege Plaintiffs failed to effect proper service or service of process on Officer Ricardo Magana, Officer Tim Hassing, Officer Mike Earl, Officer Willie Goodsell and Officer Jay Matejcek.

**WHEREFORE**, Defendants pray Plaintiffs take nothing by this pretended claim for relief herein; that Defendants be given judgment against Plaintiffs, dismissing Plaintiffs' cause of action with prejudice; that Defendants be given judgment for costs, disbursements and attorney fees herein pursuant to 42 U.S.C. §1988 and for such other relief as the Court may deem just and equitable.

Dated: June 7, 2007                                IVERSON REUVERS, LLC

                                                        By  s/ Jon K. Iverson
                                                          Jon K. Iverson, #146389
                                                    Jason M. Hiveley, #311546
                                                    Attorney for Defendants
                                                    9321 Ensign Avenue South
                                                    Bloomington, MN  55438
                                                    (952) 548-7200